279 A.2d 441.

GERARD W. SOUTHLAND *vs.* TOWN COUNCIL OF SOUTH KINGSTOWN.

SAME *vs.* SAME.

JULY 21, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. The record here discloses that the petitioner, Gerard W. Southland, hereinafter referred to as Southland, was appointed a member of the permanent police force of the Town of South Kingstown for a probationary period on November 28, 1966. It is not disputed that the probationary period extends for one year from the date of appointment. On December 26, 1967, more than a year after his probationary appointment, the town council, after a report by the chief of police, voted that "Patrolman Southland be informed that he would not make permanent status." On December 27, 1967, the chief of police informed Southland in writing: "This is to advise you that you have not met the qualifications necessary to become a member of the permanent police department."

On August 19, 1968, the chief of police advised the police committee of the Town of South Kingstown that he had talked with and informed Southland that he would not recommend him to become a permanent officer in the department. He also informed him that he had two weeks before his service would be terminated so that, if he desired, he could resign prior to that date. Thereafter, on September 10, 1968, after a meeting of the town council and pursuant to the chief of police's recommendation Southland was notified "* * * of the termination of your employment as a probationary police officer of the Town of South Kingstown, on September 24, 1968 at 8:00 A.M. and as a result thereof, you will not be appointed as a permanent officer of the department."

Counsel for Southland then requested a hearing before the town council in a letter dated September 17, 1968. The town solicitor thereafter, as of September 25, 1968, advised Southland's counsel that inasmuch as he had been employed in a probationary status, he was not entitled to a hearing in connection with the termination of his employment and his petition had been denied by the town council. On April 13, 1970, Southland appealed the decision of the town council denying him a hearing on the termination of his employment to the Superior Court pursuant to G. L. 1956, §45-20-1.1, and on July 10, 1970, after a hearing on that appeal, the trial justice granted respondent's motion to dismiss the appeal, and from the judgment entered pursuant thereto Southland is prosecuting an appeal to this court. On September 2, 1970, Southland also filed a motion with this court for leave to file a petition for a writ of certiorari to review the decision of respondent, the town council, denying his petition for a hearing in the event that this court should thereafter determine that an appeal from the town council's decision in the Superior Court was properly dismissed.

In other words, we have before us a two-pronged appeal. One is an appeal to the Superior Court from the town council's decision to deny him a hearing de novo on his dismissal from the police department pursuant to §45-20-1.1. After prosecuting that appeal and while it was pending before us, he sought and was granted a writ of certiorari to review the action of the town council in refusing a hearing to which he contends he was entitled under the provisions of legislation enabling the town council to create a permanent police department, enacted by P. L. 1935, chap. 2241.

The antecedent question, then, is whether Southland was in the first instance entitled to a hearing by the town council of his dismissal from the department, which was voted by the town council on September 10, 1968. The hearing by

the town council to which Southland refers is that provided in sec. 38 of an ordinance relating to the Police Department of the Town of South Kingstown enacted May 8, 1950. Section 38 provides that "Each member of the department shall be subject to suspension by the council without pay for a period not exceeding thirty days and also to demotion or removal from office by the council in the manner by law provided for reasons of misconduct, incompetency, inefficiency, cowardice, or for failure to perform his duty or to observe the rules and regulations, but subject to right of appeal to the council in the manner set forth herein."

It is obvious that sec. 38 of the ordinance is referring to and perhaps paraphrasing the pertinent provisions of the legislation enabling the Town of South Kingstown to establish a permanent police force, P. L. 1935, chap. 2241. In sec. 1 of chap. 2241 provision is made that the president of the town council may suspend officers and provides for continuances by the council of the suspension and goes on to provide specifically that any police officer appointed "* * * shall be subject to reduction in rank or to removal from office by said council, at any regular meeting thereof, for misconduct, incapacity, neglect of duty or insubordination of such a character as the said council may deem a disqualification for said office; and all such reductions or removals shall be by the said council upon charges made in writing, and of which the officer or officers complained of shall have notice and opportunity at the time appointed to be heard thereon: *Provided, further, however,* that nothing in this act shall be construed to apply to any police officer or constable *other than the members of the regular paid police department of said town of South Kingstown.*" (Italics ours)

It is clear that the enabling act was intended to apply the provisions for hearings upon penalization or removal from office only to "* * * members of the regular paid police department of said town of South Kingstown." The question

then becomes whether Southland had, by reason of the completion of one year in the status as a probationary patrolman, acquired status as a member of the regular paid police department of the town. Had he acquired that latter status, he would be entitled to have had the hearing provided for in the enabling act and obviously intended to be provided for in sec. 38 of the ordinance.

The answer to this question depends upon the interpretation to be given to secs. 35, 36, and 37, as amended, of the ordinance. Section 35 of the ordinance simply provides that each appointment of a member of the regular department shall be provisional for a period of one year and that such provisional appointee should temporarily possess all the powers of the position "* * * but he shall not be a regular member of the police department during such probationary period."

Section 36 provides that any provisional appointee's services may be terminated "* * * by the council at any time during said one-year period following a written recommendation by the chief of police with the town clerk." Nothing in the record discloses that at any time within one year of his appointment as a probationary patrolman was Southland's probationary provisional appointment terminated in such a manner.

However, sec. 37 provides for the attainment of the status of a regular member of the department at the end of the one-year period, "* * * if ordered by the Council or if there has been filed with the Town Clerk a written statement by the Chief of Police that such appointee is qualified to receive regular appointment." In other words, we attach much significance to the language in sec. 37 in that it requires affirmative action either by the town council or by the chief of police to confer upon a provisional appointee the status of a regular member of the department.

There is nothing in the record disclosing that either the town council or the chief of police acted in the affirmative manner required by sec. 37 to confer the status of a permanent member of the regular police department on Southland. We conclude, then, that he had never acquired that status and, therefore, was excluded from the provisions of the enabling act which grant such hearings only to "* * * members of the regular paid police department of said town of South Kingstown." It was not error, then, for the town council to deny Southland's request for a hearing, and the writ of certiorari issued in this case should be quashed.

There remains the question whether the Superior Court erred in dismissing the appeal of Southland from the action of the town council in dismissing him pursuant to the provisions of §45-20-1.1. In our opinion, §45-20-1.1 contemplates a Superior Court review of action on the part of appointing authorities penalizing or dismissing "Any policeman or policemen" and is of general application to policemen throughout the state. It has application only when the action of the appointing authority is based on charges "* * * involving moral turpitude or violation of departmental regulations * * *." A reading of the statute persuades us that it was not intended to provide a Superior Court review for persons other than regular members of a police department. It was obviously intended to provide such regular members of police departments with security in their employment when they had acquired the prescribed status. It was not intended, in our opinion, to limit or interfere with the power of appointing authorities to provide reasonable and effective procedures for the determination of the qualification and competence of those to be selected in the course of recruitment for police department service. Southland, in our opinion, was not a policeman within the contemplation of this act, and the Superior Court did not err in dismissing his appeal thereunder.

The appeal from the decision of the Superior Court is denied and dismissed, and the judgment appealed from is affirmed; the petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered sent back to the respondent town council with our decision endorsed thereon.

*Umsted & Going, Scott Umsted, Jr.,* for petitioner.

*William Leslie, Jr.,* for respondent.